Per Curiam.

As is often the case in appeals from decisions of the Board of Tax Appeals, questions of fact are presented and those questions are close. It is not the function of this court to substitute its judgment for that of the board on factual issues but only to determine from an examination of the entire record whether the decision reached by the board is unreasonable or unlawful.
Another important matter which must be borne in mind is that under Sections 5546-2 and 5546-26, General Code (Sections 5739.02 and 5741.02, Revised Code), every sale or use of tangible personal property in Ohio is presumed to be taxable, and the burden rests on the taxpayer to establish affirmatively its right to the exceptions claimed. National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407, 105 N. E. (2d), 648.
In order for appellant to prevail with respect to the first class of property here involved — the tanks and the roustabout crane at the Lima refinery — it is incumbent on it, under Sections 5546-1 and 5546-25, General Code (Sections 5739.01 and 5741.01, Revised Code), to show that such property is used or consumed “directly in the production of tangible personal property for sale by * * * processing, refining. ’ ’
And in order for appellant to prevail with respect to the second class of property described — the articles and equipment used at and in connection with its gasoline and service stations — it is incumbent upon appellant to show that such property is used ‘ * directly in making retail sales. ’ ’
*66 The Board of Tax Appeals, applying decisions of this court, which it thought applicable and controlling, reached the conclusion that the tanks are primarily and essentially for storage and preservative purposes and that none of them play any actual part in refining oil, that in part of the tanks crude oil is stored to await the first step of refining, and that in the remainder of them completely refined oil is placed to await transportation and distribution.
The roustabout crane was found to be employed only in the maintenance of pipelines and valves, and that the uses to which it is put are merely facilitative to and not directly linked with oil refining.
As to most of the various items and articles connected with appellant’s filling and service stations, the board found that, although they are facilitative to and probably operate to induce and promote retail sales and are used or consumed indirectly in that activity, they are not used or consumed “directly in making retail sales.”
As to the fuel oil tank trucks, the board apparently found that they are devoted essentially to transportation purposes and represent items used or consumed in the rendition of a service incidental to retail sales and hence their sale or use is subject to taxation.
A majority of this court are agreed that the decision of the board is correct as concerns the tanks and roustabout crane at the Lima refinery. As to the filling and service station items, there is some divergence of view, based largely on different factual conceptions. However, those members of the court concurring in this opinion have reached the conclusion that, although they, if sitting as members of the Board of Tax Appeals, might have, been more liberal in finding certain purchases of the filling and service station items described excepted from sales and use taxes, they can *67 not go so far as to hold the decision rendered by the board unreasonable or unlawful. That decision is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
Taft, J., concurs in part in the judgment and dissents in part.
Stewart and Bell, JJ., dissent.